JUSTICE WEBER
dissenting:
My review of the record in a light most favorable to Mr. Doohan demonstrates that he presented a compelling factual case in support of his claims. In addition, I disagree that the defendants presented valid legal grounds for reversal.
In its ruling reversing the judgment on the constructive discharge claim, the majority adopts and retroactively applies a new standard which has been adopted in the Fifth Circuit of the federal courts. That rule is not universally recognized and it was not argued in the parties’ briefs. I do not agree that it is a workable rule. I find it inappropriate to retroactively apply such a new standard.
When the challenged jury instruction, Instruction No. 12, is read as a whole and considered with the other instructions given, it does not misrepresent the law. The instructions as given required that the plaintiff prove the key elements of constructive discharge and provided that the defendants could not be held hable if they acted within limits of their lawful authority. I would not recommend the use of Instruction No. 12 in a constructive discharge case because it contained various comments which were not essential in the absence of an issue as to notice or hearing. However, I would conclude that there was no reversible error in the giving of Instruction No. 12.
I further conclude that the record supports the court’s action in submitting the issue of intentional infliction of emotional distress to the jury, because the evidence of the defendants’ acts reached the threshold level of “outrageousness.” Mr. Doohan presented evidence of many events demonstrating that the conduct on the part of Mr. *146 Cochrane and Mr. Chrysler was intentional in nature, and sufficient to demonstrate a basis for the jury’s verdict in his favor. While the defendants presented conflicting evidence, when we view all of the evidence in the light most favorable to Mr. Doohan, as we are required to do, there is clearly sufficient evidence to support the verdict against both Mr. Cochrane and Mr. Chrysler. Our review is of the cold record which is a poor foundation on which to evaluate testimony here and conclude it was not “outrageous.” The record clearly demonstrates that the acts of Mr. Chrysler and Mr. Cochrane caused serious emotional distress for Mr. Doohan.
I would affirm the judgment of the District Court.
JUSTICES SHEEHY and HUNT concur in the foregoing dissent.